440 F.Supp. 20 (1977)
J. J. NEWBERRY CO., a corporation, Plaintiff,
v.
William Edward MIXON, Defendant.
No. 77-0828C(1).
United States District Court, E. D. Missouri, E. D.
October 28, 1977.
*21 Kenneth J. Heinz, Shifrin, Treiman, Bamburg & Dempsey, St. Louis, Mo., for plaintiff.
Marvin W. Goldenhersh, Belleville, Ill., Del A. Goldenhersh, Chesterfield, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of plaintiff, J. J. Newberry Co., to remand the case to state court, and on the motion of defendant, William Edward Mixon, to dismiss plaintiff's petition for declaratory judgment for failure to state a cause of action.
Plaintiff, a corporation, organized in the State of Delaware, leased from defendant, a citizen and resident of the State of Illinois, a store in a shopping center located in the City of Northwoods, St. Louis County, Missouri. Under the terms of the lease, which commenced in 1962, plaintiff is to pay defendant a fixed minimum annual rental, plus a percentage rental based upon plaintiff's gross sales exceeding $3,245,000. Section 7, of Article III of the lease, provides that plaintiff shall ". . . keep the entire demised premises open for business during business hours . . . " for the full twenty-five year term of the lease.
Plaintiff claims that the store has sustained operating losses of $1,262,000 over the past five years, and that it would be economically unfeasible for it to continue operating the store.
On July 13, 1977, plaintiff petitioned the Circuit Court of the County of St. Louis for a declaratory judgment. Plaintiff requested the court to find that its contractual obligation under the lease was limited to the payment of the minimum annual rental. Further, plaintiff requested the court to find that it would not be liable for any damages resulting from its breach of Section 7, of Article III of the lease.
The defendant filed a motion to remove to this Court on July 29, 1977. Additionally, the defendant filed a motion to dismiss plaintiff's petition on the grounds that plaintiff had failed to state a claim upon which relief could be granted.
On August 5, 1977, plaintiff filed a motion to remand, alleging that defendant's petition for removal did not establish the requisite amount in controversy as required by 28 U.S.C. § 1332. The party asserting jurisdiction has the burden of establishing the requisite amount in controversy. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814-15 (8th Cir. 1969). In the opinion of the Court, it does not seem either excessive or unreasonable that defendant's potential loss resulting from plaintiff's vacating the store may exceed $10,000. Therefore, plaintiff's motion to remand to state court will be denied.
The Court, in its discretion, may dismiss a petition for declaratory judgment where it appears that plaintiff would not be entitled to any relief even if he were to prove all the facts alleged in his petition. See Johnson v. Town of Deerfield, 25 F.Supp. 918 (Mass.1939), affirmed per curiam, 306 U.S. 621, 59 S.Ct. 791, 83 L.Ed. 1027 (1939).
Plaintiff has conceded the validity of the lease in question. Indeed, plaintiff has reiterated its intention to comply with some of the provisions of the lease. Plaintiff seeks to have the clause requiring it to remain open for the full term of the lease declared unconscionable and inequitable and, hence, invalid because the store in question is no longer profitable. There is no support for plaintiff's position in Missouri law.
Plaintiff's characterization of Section 7, of Article III of the lease, as unconscionable is wholly inappropriate. An unconscionable contract is one which no man in his right senses would make on the one hand and which no fair and honest man would accept on the other. Hume v. United States, 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393 (1889). In the instant case there was no disparity in *22 the parties' bargaining position or capacity. The contract was negotiated at arms length and in good faith. The lease provision requiring the lessee to remain open for the full term of the lease is not unusual. The Court will not set aside an otherwise valid lease simply because one party no longer finds the arrangement as profitable as it first anticipated. Accordingly, defendant's motion to dismiss will be granted.